UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff | ) ) |
| vs. | ) CAUSE NO. 3:02-CV-775 RM ) |
| PAULETTE CLEVELAND JACKSON, *et al.*, | ) ) ) ) |
| Defendants | ) |

OPINION and PROPOSED ORDER

BACKGROUND

On October 29, 2002, the Prudential Insurance Company of America filed an interpleader action with this court to determine the distribution of insurance proceeds deposited for Marvin J. Cleveland. Mr. Cleveland maintained a $200,000 insurance policy with Prudential issued pursuant to the Servicemembers' Group Life Insurance Act of 1965. On February 2, 2000, Mr. Cleveland designated the beneficiaries of the policy as his mother, Matlene Turner, receiving $50,000; his sister, Paulette Jackson, receiving $30,000, and his six children, each receiving $20,000. The following year, Mr. Cleveland executed and delivered a new beneficiary form, designating only his children to receive $20,000 each, not listing his mother and sister as beneficiaries, and leaving the remaining $80,000 of the policy without beneficiary designation. On March 2, 2002, Mr. Cleveland, who never married, passed away.

On June 18, 2003, after adequately showing the court's jurisdiction over this matter and depositing $205,230.81 with the court (constituting $200,000 from the policy plus interest), Prudential was dismissed from this action. On November 11, 2003, Mr. Cleveland's estate moved to disperse the entire deposited amount, but the court denied the motion because there was not unanimous consent of the parties. Following the first of three in-court proceedings, the parties agreed that the $120,000 explicitly designated to Mr. Cleveland's six children should be released and disbursed to them. The court ordered this disbursement on December 7, 2004, with the anticipation that summary judgment motions would be filed to resolve the status of the remaining $80,000.

When the deadline passed without any filings, the court ordered the parties to show cause as to why the case should not be dismissed for want of prosecution. Mr. Cleveland's estate urged the court not to dismiss the case, and indicated another in-court proceeding would be helpful to resolve the remaining issue in the case. On June 7, 2005, the court entertained more discussion from the parties as to whom the remaining insurance proceeds should go and again extended the deadline for the submission of evidence and dispositive motions to July 7. The court notified the parties that after July 7, the matter would be considered fully briefed and taken under advisement for a ruling.

The parties filed nothing that would enable the court to resolve the matter without a trial on the merits. Again, the court held an in-court proceeding on November 15 to propose a final resolution that would resolve this case without the

seemingly unnecessary expense of the trial. That proposal included issuing this proposed order and providing any party with the opportunity to argue against it. If at the conclusion of a final in-court hearing (scheduled for February 3, 2006 at 1:30 p.m. (Eastern Standard Time)), the contesting party (or parties) did not persuade the court as to why this proposed order should not be issued, this proposed order would become the official disposition of the case.

PROPOSED ORDER

This case has one issue in need of resolution — who should receive the remaining $80,000 that has no beneficiary designation under Mr. Cleveland's insurance policy. While the court addresses this issue without the benefit of legal briefing, the record indicates such briefs are not necessary in light of the law.

The life insurance contract that gives rise to this action was issued under the Servicemembers' Group Life Insurance Act of 1965, 38 U.S.C. § 1965 *et seq*. The Servicemembers' Group Life Insurance ("SGLI")program "is a federal program; in fact, technically the government rather than the serviceman is the policyholder. The government's concern with beneficiary issues is shown by SGLI's detailed provisions concerning who the beneficiary is if the policy doesn't say, 38 U.S.C. § 1970(a)." Prudential Ins. Co. of Am. v. Athmer, 178 F.3d 473, 475 (7th Cir. 1999) (citations omitted). Thus, when determining who should receive undesignated

3

proceeds of an SGLI policy, 38 U.S.C. § 1970(a) identifies the relevant chain of disbursement.[1]

Under 38 U.S.C. § 1970(a), proceeds from an SGLI policy first pass to designated beneficiaries (as identified on the beneficiary form), and if there are none, then to the decedent's widow. If there is no widow, the proceeds are passed to the decedent's children, and if there are none, then to his parents or their successors. The court looks to the 2001 beneficiary form, which is the only properly executed and delivered form in the record. While Mr. Cleveland designated $120,000 to his children, the remaining $80,000 is without designation. Because Mr. Cleveland was never married, 38 U.S.C. § 1970(a) requires the remaining $80,000 to also pass to his children in equal shares.

There was some disagreement at the in-court proceedings as to whether this result meshes with Mr. Cleveland's donative intent. As the court of appeals noted, "[i]t is so difficult to reconstruct a person's donative intentions after his death that rules relating to bequests have often been strictly construed, and ... 770 [now 38 U.S.C. § 1970] is in this tradition." <u>Prudential Ins. Co. of Am. v. Parker</u>, 840 F.2d 6, 7 (7th Cir. 1988). Other than personal letters from family members outlining their relationship with Mr. Cleveland and why they believe he would have wanted them to have the money, there is little evidence in the record that would persuade this court to disregard 38 U.S.C. § 1970(a)'s strict provisions, nor any legal

---

[1] The provisions of the insurance policy governing the order of distribution mirror the statute found at 38 U.S.C. § 1970(a).

support authorizing the court to do so even if the court were so inclined. Therefore, the statue requires that the remaining proceeds of Mr. Cleveland's insurance policy to be distributed to Mr. Cleveland's six children.

Consequently, the court proposes to order the Clerk to disburse the remaining $80,000 (plus applicable interest) in equal shares to Marvin J. Cleveland's six children. After notification that all proceeds have been disbursed, this case shall be closed.

Any party seeking to challenge this proposed order may do so in person at the in-court hearing on February 3, 2006 at 1:30 p.m. (Eastern Standard Time) through evidence or argument or both. Parties may submit written memorandum prior to the hearing outlining the factual and legal grounds of their arguments against the proposed order. Failure to appear at the in-court hearing waives any future right to oppose entering the proposed order as the final disposition of this case.

SO ORDERED.

ENTERED: <u>November 18, 2005</u>

                /s/ Robert L. Miller, Jr.
                Chief Judge
                United States District Court

cc: D. Wertheimer
   all pro se parties