UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff | )<br>) |
| vs. | )   CAUSE NO. 3:02-CV-775 RM<br>) |
| PAULETTE CLEVELAND JACKSON, *et al.*, | )<br>)<br>) |
| Defendants | ) |

OPINION and ORDER

This case has a single issue in need of resolution — who should receive the remaining $80,000 under Mr. Marvin Cleveland's insurance policy. Last November, the court issued a proposed resolution and provided the opportunity to argue against the proposal at an evidentiary hearing. On February 17, the court held the evidentiary hearing, with all parties in attendance, and received new evidence not previously entered into the record. For the following reasons, the court declines to enter the proposed order, and instead orders the money held by the court distributed in a manner consistent with this opinion.

Mr. Cleveland's life insurance contract was issued under the Servicemembers' Group Life Insurance Act of 1965, 38 U.S.C. § 1965 *et seq*. As noted in <u>Prudential Ins. Co. of America v. Athmer</u>, 178 F.3d 473 (7th Cir. 1999), the Servicemembers' Group Life Insurance ("SGLI") program "is a federal program; in fact, technically the government rather than the serviceman is the policyholder [and] . . . the case for using federal law to answer the question of who is to receive

the proceeds of the insurance policy is compelling." Prudential Ins. Co. of America v. Athmer, 178 F.3d at 475 (citations omitted). Thus, the court looks to federal common law to resolve this case.

In the only authoritative case on point, Prudential Ins. Co. of America v. Parker, 840 F.2d 6 (7th Cir. 1988), the court of appeals noted that "[i]t is so difficult to reconstruct a person's donative intentions after his death that rules relating to bequests have often been strictly construed, and . . . [38 U.S.C. § 1970] is in this tradition." Id. at 7. The Parker court concluded that, in light of the strict construction of the statute and the lack of evidence in the record, the doctrine of substantial compliance could not validate a properly filled-out designation-of-beneficiary form that had not been received by the armed services office. In so finding, the Parker court noted that had the record been different (*i.e.,* the presence of adequate evidence of receipt by the armed services office) the result might have differed. *See* Prudential Ins. Co. of America v. Parker, 840 F.2d at 7.

This court relied on Parker in its proposed order because, at that time, there was inadequate evidence showing Mr. Cleveland's 2001 beneficiary form authorized disbursement of proceeds to Ms. Matlene Turner and Ms. Paulette Cleveland Jackson. The compelling and unrebutted evidence presented at the in-court hearing, however, convinces the court that Mr. Cleveland intended to

2

designate his children, his mother, and his sister as primary beneficiaries of his insurance contract.[1]

Because Mr. Cleveland's intent can be determined with confidence, the court orders the remaining insurance proceeds to be distributed in the following manner: $50,000 to Mr. Cleveland's mother, Ms. Matlene Turner, and $30,000 to his sister, Ms. Paulette Cleveland Jackson.[2] Whatever interest has accrued, minus the registry handling fee per N.D. Ind. R. 67, shall be distributed in equal shares to Mr. Cleveland's six children. The interested parties must contact the court to provide relevant information for tax and disbursement purposes.

SO ORDERED.

ENTERED: <u>February 24, 2006</u>

/s/ Robert L. Miller, Jr.<br>
Chief Judge<br>
United States District Court

cc:   D. Wertheimer
     all pro se parties
     Financial

---

[1] There was unrebutted testimony that the Army actually certified both the 2000 and the 2001 contracts for death benefits. When this is combined with the representations of the only attorney in the case, Mr. Donald Wertheimer, and the remaining parties, the evidence establishes that Mr. Cleveland either intended to, or did, include his mother and sister on the 2001 form.

[2] While it is beyond the court's authority to order how the disbursements will be used, the parties represented in court that portions of the $80,000 would be paid to Alford's Mortuary for the services rendered, and the court expects this will be done.